# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD A. MEALS et al., ) | |
| Plaintiffs, ) | |
| vs. ) | 3:11-cv-00734-RCJ-VPC |
| AMERICAN MORTGAGE EXPRESS ) | **ORDER** |
| FINANCIAL et al., ) | |
| Defendants. ) | |

This is a standard foreclosure case involving one property. The Complaint lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss and to expunge the lis pendens. For the reasons given herein, the Court grants the motion in part.

## I.    THE PROPERTY

Plaintiffs Gerald A. and Marcella E. Meals gave lender American Mortgage Express Financial ("AMEF") a $517,600 promissory note to purchase real property at 125 Carefree Dr., Sparks, NV 89436 (the "Property"). (*See* First Deed of Trust ("FDOT") 1–3, Mar. 1, 2006, ECF

No. 6-2, at 2). Western Title Co., Inc. was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lenders's "nominee." (*See id.* 2). Plaintiffs obtained a second mortgage for $64,700 on same date, with same lender and trustee. (*See* Second Deed of Trust ("SDOT") 1–2, Mar. 1, 2006, ECF No. 6-2, at 26). MERS assigned the first note and FDOT to HSBC Bank USA, N.A. as trustee for a mortgage-backed security. (*See* Assignment, Mar. 9, 2010, ECF No. 6-3). LSI Title Agency, Inc. ("LSI") filed the notice of default ("NOD") as agent for Western Progressive, LLC based on a default on the FDOT of unspecified amount as of October 1, 2009. (*See* NOD 1–3, mar. 30, 2011, ECF No. 6-4). Western Progressive noticed a trustee's sale for September 28, 2011. (*See* Notice of Trustee's Sale 1–2, Sept. 7, 2011, ECF No. 6-5). Plaintiffs had filed for Chapter 7 bankruptcy, but the bankruptcy judge lifted the automatic stay as against the Property and has discharged Plaintiffs. (*See* Orders, ECF No. 6-7, at 45, 48).

**II.    ANALYSIS**

The foreclosure may have been statutorily improper, because there is no evidence of LSI or Western Progressive having ever been substituted as trustee in place of Western Title Co. *See* Nev. Rev. Stat. § 107.080(2)(c). The remaining claims fail for reasons given in substantively similar cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge the Lis Pendens (ECF No. 5) is GRANTED in part and DENIED in part. All claims are dismissed except those for statutorily defective foreclosure and quiet title. The lis pendens is not expunged.

IT IS SO ORDERED.

Dated this 10th day of January, 2012.

_____
ROBERT C. JONES
United States District Judge